IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CR 122-027 |
| | * | |
| LAMON COLEMAN | * | |

**O R D E R**

On September 27, 2022, Defendant Lamon Coleman was sentenced to a term of imprisonment of 120 months even though his sentencing guideline range was 151 to 188 months. The Court varied below the guideline range upon consideration of the individual characteristics of Defendant and upon determination that 120 months was the appropriate societal response for the unique circumstances of the case.

Presently before the Court is Defendant's motion to reduce his sentence based upon Amendment 821 (Part A) to the United States Sentencing Guidelines, which provides a retroactive adjustment for certain offenders whose criminal history calculation was impacted by "status points" under U.S.S.G. § 4A1.1. The amended version of U.S.S.G. § 4A1.1(e), which Defendant wishes the Court to apply, provides that if a defendant scores less than 7 points on his criminal history score, he will not receive additional "status points" if the instant offense was committed while under a criminal justice

sentence.[1] In Defendant's case, he had 6 criminal history points but received a two-point "status point" increase, resulting in a total criminal history score of 8. His criminal history category, therefore, was IV. If no "status points" are applied under the new guideline, Defendant's criminal history score would remain 6 and his criminal history category would be III. Thus, Defendant's amended guideline range would be 135-168 months if it was calculated using the amended § 4A1.1(e).

Through his motion, Defendant seeks retroactive application of Amendment 821, the procedural mechanism for which is 18 U.S.C. § 3582(c)(2). Section 3582(c)(2) is a limited exception, providing that any reduction be "consistent with applicable policy statements issued by the Sentencing Commission." The policy statement applicable here, U.S.S.G. § 1B1.10(b)(2)(A), provides that a court "shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) . . . to a term that is less than the minimum of the amended guideline range." Because Defendant's imposed sentence is *already* less than the minimum of the amended guideline range, § 3582(c)(2) provides no relief. Moreover, upon consideration of the sentencing factors of 18 U.S.C. § 3553(a), the Court remains convinced that 120 months is the appropriate societal response for this Defendant.

---

[1] Under the old version of U.S.S.G. § 4A1.1, two "status points" were added no matter how many points a defendant's criminal history garnered.

2

Upon the foregoing, Defendant Coleman's motion for reduction in sentence (doc. 30) is **DENIED**.

**ORDER ENTERED** at Augusta, Georgia this 24th day of February, 2025.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA